UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC B. HERNANDEZ, | Case No. 1:20-cv-01171-JDP |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| KINGS COUNTY JAIL, | OBJECTIONS DUE IN THIRTY DAYS |
| Respondent. | ECF No. 1 |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Eric B. Hernandez, a state pre-trial detainee without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.[1] ECF No. 1. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to a habeas corpus proceeding must examine the petition and order a response thereto unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Rule 4 was "designed to give courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation

---

[1] Although petitioner states that he is currently represented by counsel, the court has no record of an attorney appearing on petitioner's behalf in this case. ECF No. 1 at 6.

1

omitted). The court may dismiss claims at screening for "easily identifiable" procedural defects. *See id*. For the foregoing reasons, we recommend that the court summarily dismiss the petition

**Discussion**

Petitioner makes one claim for relief: a request for his release from jail due to his risk of contracting COVID-19. ECF No. 1 at 3. There are multiple reasons for the court to summarily dismiss the petition.

First, petitioner states that he is currently being held in jail awaiting trial. ECF No. 1 at 2. In *Younger v. Harris*, 401 U.S. 37, 44 (1971), the Supreme Court held that a federal court generally cannot interfere with pending state criminal proceedings. This holding, commonly referred to as the *Younger* abstention doctrine, is based on the principle of federal-state comity. *See id*. In the habeas context, "[w]here . . . no final judgment has been entered in state court, the state court proceeding is plainly ongoing for purposes of *Younger*." *Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019). Absent rare circumstances, a district court must dismiss such actions. *See Cook v. Harding*, 190 F. Supp. 3d 921, 935, 938 (C.D. Cal. 2016), *aff'd*, 879 F.3d 1035 (9th Cir. 2018); *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). Here, petitioner is being held in jail awaiting trial on his criminal charges. ECF No. 1 at 1. Petitioner's conclusory claim for relief does not demonstrate that his situation warrants the court's intervention in such proceedings.

Second, it appears that petitioner has failed to exhaust his claim before the state courts.[2] Although petitioner states that he has presented his claim to the California Supreme Court, ECF No. 1 at 5, we can find no record of this case.[3] A petitioner must exhaust his claims before the state courts before seeking federal habeas review. *See* 28 U.S.C. § 2254(b)(1)(A); *Murray v.*

---

[2] Petitioner states that he has a pending habeas petition before the California Court of Appeal which raises the same claim as that of the instant petition. ECF No. 1 at 5; *see In re Eric B. Hernandez on Habeas Corpus*, No. F081491 (Cal. Ct. App. Aug. 13, 2020). We have reviewed the California Courts Appellate Courts Case Information online database and take judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* California Courts Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for "Eric Hernandez"). A review of the database reveals that this petition was denied on August 13, 2020.

[3] We can find no record of a recent habeas petition filed by petitioner before the California Supreme Court.

*Schriro*, 882 F.3d 778, 807 (9th Cir. 2018).  The exhaustion doctrine is based on comity; it gives the state courts the initial opportunity to correct the state's alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to a federal court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971).  If petitioner has exhausted his claims before the California Supreme Court, he should provide proof thereof in his objections to these findings and recommendations.

Third, petitioner's claim is not cognizable on habeas review.  Under § 2254(a), a writ of habeas corpus shall be entertained on behalf of a person "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  A federal habeas petitioner must make a claim that either the fact or duration of his confinement violates clearly established federal law.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  On the other hand, "requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  Here, petitioner does not claim that that he is in custody in violation of clearly established federal law.  Rather, he claims that the conditions of his confinement—which put him at risk for exposure to COVID-19—entitle him to release.  Accordingly, petitioner has failed to state a cognizable habeas claim, and we recommend that his petition be dismissed.[4]

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253;

---

[4] Petitioner may, if he wishes, seek relief under § 1983.  When filing a § 1983 claim, courts require plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  Although this court may convert a habeas petition to a § 1983 claim, we decline to do so here.  First, petitioner's allegations about the jail conditions are too conclusory to state a § 1983 claim, and petitioner has named only the jail as the respondent; petitioner has not named the people who directly committed the affirmative acts or omissions that

*Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, petitioner has not made a substantial showing of the denial of a constitutional right.  Thus, we recommend that the court not issue a certificate of appealability.

**Findings and Recommendations**

We recommend that the court dismiss the petition, ECF No. 1, and decline to issue a certificate of appealability.  Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, we submit the findings and recommendations to the U.S. District Court judge presiding over the case.  Within thirty days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations.  That document must be captioned "Objections to Magistrate

---

violated his rights.  Second, conversion may be unfair to petitioner.  The filing fee for a habeas petition is $5, and if leave to proceed *in forma pauperis* is granted, the fee is forgiven.  For civil rights cases, however, the filing fee is $350 plus an administrative fee of $50.  Under the Prisoner Litigation Reform Act, the prisoner is required to pay the $350 filing fee, even if he is granted *in forma pauperis* status, by way of deductions from the prisoner's trust account.  *See* 28 U.S.C. § 1915(b)(1).  If we were to convert this action to a § 1983 action, the petitioner would face the larger filing and administrative fees—which he might prefer not to do.

Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

The clerk of court is directed to assign a district judge to this case for the purpose of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated:   August 25, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.