UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC B. HERNANDEZ,<br><br>        Petitioner,<br><br>    v.<br><br>KINGS COUNTY JAIL,<br><br>        Respondent. | No.  1:20-cv-01171-NONE-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS § 2254 PETITION<br><br>(Doc. Nos. 1, 5) |

Petitioner Eric B. Hernandez is a state pre-trial detainee proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.) Petitioner is currently detained in a county jail while awaiting trial, but he asks this federal court to intervene in his California state court criminal proceeding and to order his release due to the risk of him contracting COVID-19 while incarcerated.  (*Id.* at 2–3.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the assigned magistrate judge screened the instant petition and issued findings and recommendations on August 25, 2020, recommending that the pending petition be dismissed in accordance with the *Younger* abstention

/////

/////

/////

1

doctrine,[1] and because petitioner has failed to state a cognizable claim for federal habeas relief. (*Id.* at 2–3.)  To date, no objections have been filed, and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case.  The court finds the pending findings and recommendations to be supported by the record and proper analysis and will adopt the findings and recommendations.[2]

In addition, the court also finds that petitioner is *not* entitled to a certificate of appealability (COA) under 28 U.S.C.A. § 2253.  "Section 2253(c)(1)(A) provides that unless a circuit justice or judge issues a COA, an appeal may not be taken from 'the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.'"  *Harbison v. Bell*, 556 U.S. 180, 183 (2009).  To be entitled to a COA, petitioner must make a substantial showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880 (1983)).  Neither of the requirements exists here.  The court therefore declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on August 25, 2020 (Doc. No. 5) are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;
3. The court DECLINES to issue a certificate of appealability; and

---

[1] Under the *Younger* abstention doctrine, federal courts should "abstain from exercising our jurisdiction in certain circumstances when . . . asked to enjoin ongoing state enforcement proceedings."  *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019) (quoting *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 727 (9th Cir. 2017)).

[2] The court notes that at the time those findings and recommendations were issued, petitioner had yet to exhaust his claim before the California Supreme Court.  (*See* Doc. No. 5 at 2–3).  It now appears that petitioner has exhausted his claim by presenting it to the state' highest court.  *See Hernandez (Eric B.) on HC*, No. S264342 (Cal. Nov. 24, 2020).  Nevertheless, the federal petition should still be dismissed for the alternate reasons fully discussed in the findings and recommendations.  (*See* Doc. No. 5 at 2–3).

4. The clerk of court is DIRECTED to assign a district judge to this case for the purpose of closing the case, then to close the case.

IT IS SO ORDERED.

Dated:   **February 2, 2021**              /s/ Dale A. Drozd
                                            UNITED STATES DISTRICT JUDGE